UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
IN RE R&G FINANCIAL CORPORATION : ECF CASE
SECURITIES LITIGATION :
: MASTER FILE NO.
: 05 Civ. 4186 (JES)
This Document relates to: :
All Actions :
:
------------------------------------------------------------x

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND SETTING SETTLEMENT HEARING

WHEREAS:

A. Lead Plaintiffs and defendants R&G Financial Corporation ("R&G") Victor J. Galán, Joseph R. Sandoval, Ramón Prats, Benigno R. Fernandez, Gilberto Rivera-Arreaga and Ileana M. Colon-Carlo (the "Individual Defendants"); and PricewaterhouseCoopers LLP ("PwC") have entered into a Stipulation and Agreement of Settlement dated as of May __, 2008 (the "Stipulation") in full and final settlement of each and every Settled Claim against R&G, the Individual Defendants, PwC and the other Released Parties, the terms of which are set forth in the Stipulation (the "Settlements").

B. Lead Plaintiffs, R&G, the Individual Defendants and PwC have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the terms of the Stipulation and providing for notice to the Class; and

C. The Court having read and considered the Stipulation and exhibits thereto, including the proposed (i) Notice to the Class; (ii) Claim Form; and (iii) Judgment, and finding that substantial and sufficient grounds exist for entering this Order

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies the Action to proceed as a class action for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons and entities who purchased or otherwise acquired publicly traded securities of R&G between January 21, 2003 and November 2, 2007, inclusive, and who, based on conduct asserted in the Consolidated Action, were injured thereby. Excluded from the Class are (a) the Defendants named in the Amended Complaint; (b) members of the immediate families of the Individual Defendants; (c) the subsidiaries and affiliates of the Defendants; (d) any person or entity who is a partner, officer, director, or controlling person of R&G (including any of its subsidiaries or affiliates) or of any Defendant; (e) any entity in which any Defendant has a controlling interest; (f) the Defendants' directors' and officers' liability insurance carriers; and (g) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

3. The Court finds, for the purposes of the Settlements only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate

over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlements only, Lead Plaintiffs City of Philadelphia Board of Pensions and Retirement and General Retirement System of the City of Detroit are adequate class representatives and certifies them as class representatives for the Class.

5.      The Court preliminarily approves the Settlements on the terms set forth in the Stipulation, subject to further consideration at the Settlement Hearing to be held before this Court on __9-16__, 2008, at __3 p__.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, (the "Settlement Hearing") to determine:

(a)     whether this Consolidated Action should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)     whether the proposed Settlements on the terms and conditions provided for in the Stipulation are fair, reasonable and adequate and should be approved by the Court;

(c)     whether the Settled Claims against the Released Parties should be dismissed with prejudice as set forth in the Stipulation;

(d)     whether the proposed Plan of Allocation for the proceeds of the Settlements is fair and reasonable, and should be approved by the Court; and

(e) whether the application by Lead Counsel for an award of attorney fees and reimbursement of Litigation Expenses incurred should be approved.

6. The Court reserves the right to approve the R&G Settlement, the PwC Settlement and/or the Plan of Allocation with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the Settled Claims against the Released Parties with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorney fees and Litigation Expenses.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlements, Settlement Fairness Hearing and Motion for Attorney Fees and Reimbursement of Litigation Expenses (the "Notice"); the Summary Notice of Proposed Settlements, Settlement Fairness Hearing and Motion for Attorney Fees and Reimbursement of Litigation Expenses ("Publication Notice") (together the "Settlement Notices"); and the Proof of Claim and Release ("Claim Form"), and finds that the procedures established for publication, mailing and distribution of such Settlement Notices and the Claim Form substantially in the manner and form set forth in ¶¶ [8 and 9] of this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

8. Lead Counsel shall cause the Notice and the Claim Form, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed, by first class mail, postage prepaid, on or before fourteen (14) business days after this Order is entered, to all Class

Members at the address of each such person, as set forth in the records of R&G or its transfer agent or who otherwise may be identified through reasonable effort. Within five (5) business days from the date of this Preliminary Approval Order, R&G or its transfer agent shall provide the Claims Administrator with its stock transfer records (consisting of shareholder names and addresses), in electronic form, for providing notice to the Class. R&G shall bear all costs or expenses associated with providing the Claims Administrator with such stock transfer records. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

9.    Lead Counsel shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit 3, to be published once each in the national edition of *The Wall Street Journal* and over the *PR Newswire* within 10 business days of the mailing of the Notice. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

10.    To effectuate the provision of notice provided for in paragraph 7 hereof, Lead Counsel or their agents shall lease and maintain a post office box of adequate size for the return of Claim Forms. All Notices to the Class shall designate said post office box as the return address for the purposes designated in the Notices. Lead Counsel or their agents shall be responsible for the receipt of all responses from the Class and, until further order of the Court, shall preserve all entries of appearance, Claim Forms, and all other written communications from Class Members, nominees or any other person or entity in response to the Notices.

11.    Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired R&G

securities during the Class Period as record owners but not as beneficial owners. Such nominees who hold or held R&G common stock for beneficial owners who are Class Members are directed to send a copy of the Notice and the Claim Form to the beneficial owner of the shares postmarked no more than fourteen (14) days from the date of the Notice, or to provide the names and addresses of such persons no later than fourteen (14) days from the date of the Notice to the Claims Administrator at: R&G Financial Corporation Securities Litigation, c/o Heffler, Radetich & Saitta LLP, P.O. Box _____, Philadelphia, PA 19012, who shall promptly send a copy of the Notice and Claim Form to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

12. The Court approves the selection of Heffler, Radetich & Saitta LLP by Lead Counsel as the Claims Administrator. Lead Counsel may pay from the Settlement Fund, without further approval from R&G or PwC or further order of the Court, all reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.

13.    Lead Counsel or their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes due and owing to be paid from the Escrow Account without further Order of the Court.

14.    Lead Counsel shall submit their papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorney fees and reimbursement of Litigation Expenses by no later than twenty-one (21) days before the Settlement Hearing and reply papers, if any, to any objections filed pursuant to paragraph 17 hereof shall be submitted at least five (5) days prior to the Settlement Hearing.

15.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail to the address designated in the Notice, postmarked no later than fourteen (14) days prior to the Settlement Hearing. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the R&G Financial Corporation Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of R&G publicly traded securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice

17.     Any member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlements should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved as fair and reasonable; or why Lead Counsel's application for an award of attorney fees and reimbursement of Litigation Expenses should not be granted, *provided, however*, that no member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements, the Judgment to be entered approving the same, the Plan of Allocation or the attorney fees and reimbursement of Litigation Expenses requested, unless no later than fourteen (14) days before the Settlement Hearing, such Class Member has served by hand or by overnight delivery written objections setting forth the basis therefore, and copies of any supporting papers and briefs (which must contain proof of all purchases of R&G publicly traded securities during the Class Period), upon each of the following: Steven B. Singer, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, New York 10019, and M. Richard Komins, Esq., Barrack, Rodos & Bacine, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103, on behalf of Lead Plaintiffs; Maite Aquino, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, on behalf of R&G; Mark J. Stein, Esq. Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York New York, 10017; and Diana L. Weiss, Esq., Orrick, Herrington & Sutcliffe LLP, 1152 15th Street N.W., Washington, D.C. 20005, on behalf of PwC, and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel, R&G's Counsel and PwC's Counsel, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. Persons who intend to object to the Settlements and/or Lead Counsel's application for an award of attorney fees and

Litigation Expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlements, the Judgment to be entered approving the Settlements, the fairness and reasonableness of the Plan of Allocation, or the attorney fees and reimbursement of Litigation Expenses requested.

19. In order to be entitled to participate in the Settlements, in the event the Settlements are effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than 120 days from the date this Preliminary Approval Order is signed. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Claim Form is actually received prior to the motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c) As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted.

20. The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to Class Members other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Class Members.

21. Neither R&G, R&G's Counsel, Individual Defendants, Individual Defendants' respective counsel, PwC nor PwC's Counsel shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorney fees or reimbursement of Litigation

Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlements.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Parties of the truth of any of the allegations in the Securities Class Actions, or of any liability, fault, or wrongdoing of any kind on the part of any of the Released Parties, or by the Lead Plaintiffs of any lack of merit to the claims asserted in the Securities Class Actions

23. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person that is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25. If the Settlements are not approved or consummated for any reason whatsoever, the Settlements and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the parties to the Stipulation, except as otherwise set forth therein.

26. The administration of the proposed Settlements and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person

to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

27. Pending final determination of whether the Settlements should be approved, Lead Plaintiffs and all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Parties.

28. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlements.

Dated:    New York, New York
          _____, 2008

                                    _____
                                    HONORABLE JOHN E. SPRIZZO
                                    UNITED STATES DISTRICT JUDGE

                                    5-28-08