IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| IN RE R&G FINANCIAL CORPORATION SECURITIES LITIGATION | MASTER FILE NO. 05 Civ. 4186 (JES) |
| This document relates to All Actions | |



## ~~PROPOSED~~ FINAL JUDGMENT

This matter came for hearing on September 16, 2008 (the "Settlement Hearing"), on the application of the Settling Parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 27, 2008 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs against defendants R&G Financial Corporation ("R&G") and Victor J. Galan, Joseph R. Sandoval, Ramón Prats, Benigno R. Fernandez, Gilberto Rivera-Arreaga and Ileana M. Colon-Carlo (the "Individual Defendants"), and for the settlement of all claims asserted against defendant PricewaterhouseCoopers LLP ("PwC") each in the Amended Complaint now pending in this Court in the above-captioned consolidated class action (the "Consolidated Action"), and should be approved; and whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of the Released Parties and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable, who purchased or otherwise acquired publicly traded securities of R&G between January 21, 2003 and November 2, 2007, inclusive, except those persons or entities excluded from the definition of the Class, as shown by the records of R&G's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *PR Newswire* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Consolidated Action and over all parties to the Consolidated Action, including all Class Members.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired publicly traded securities of R&G between January 21, 2003 and November 2, 2007, inclusive, and who, based on conduct that was or could have been asserted in the Consolidated Action, were allegedly injured thereby. Excluded from the Class are (a) the Defendants named in the Amended Complaint; (b) members of the immediate families of the Individual Defendants; (c) the subsidiaries and affiliates of the Defendants; (d) any person or entity who is a partner, officer, director, or controlling person of R&G (including any of its subsidiaries or affiliates) or of any Defendant; (e) any entity in which any Defendant has a controlling interest; (f) the Defendants' directors' and officers' liability insurance carriers; and (g) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs, City of Philadelphia Board of Pensions and Retirement and General Retirement System of the City of Detroit, as Class Representatives.

6. Notice of the pendency of this Action as a class action and of the proposed Settlements was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlements met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlements, the Plan of Allocation, and Lead Counsel's right to apply for attorney fees and reimbursement of litigation expenses associated with the Consolidated Action, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or delivered on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the R&G Settlement and the PwC Settlement, each as set forth in the Stipulation, and finds that the Settlements are, in all respects, fair, reasonable and adequate, and in the best interests of the Class Members, including Lead Plaintiffs. This Court further finds that the Settlements set forth in the Stipulation are the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlements embodied in the Stipulation are hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Amended Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Released Parties.

10. The Court hereby finds that the proposed Plan of Allocation of the Net Settlement Fund, as set forth in the Notice, is in all respects, fair and reasonable, and the Court hereby approves the Plan of Allocation. The Court hereby finds that the formula for the calculation of the claims of Authorized Claimants that is set forth in the Notice provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The parties to the Stipulation are hereby directed to consummate and perform its terms.

11. Lead Plaintiffs and all Class Members, and the heirs, executors, administrators, predecessors, successors and assigns of any of them, and anyone claiming through or on behalf of any of them, whether or not they execute and deliver a Proof of Claim and Release, are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all claims, rights or causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under or based on federal, state, Commonwealth of Puerto Rico, common law, local, statutory or foreign law, or any other law, rule or regulation, whether directly, representatively, derivatively, individually or in any other capacity, that Lead Plaintiffs or any member of the Class (a) asserted against the Released Parties in the Consolidated Action, or (b) could have asserted against the Released Parties in any forum that relate to or arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Consolidated Action or that relate to or arise out of the purchase or sale of shares of the Company's common stock during the Class Period, including but not limited to all claims relating to (a) PwC's professional services, including but not limited to audit engagements, performed for the Company in connection with its 2002, 2003 or 2004 financial reporting and any of PwC opinions in connection therewith; (b) the Company's announcement on April 25, 2005 that it

would restate its financial statements for the period January 1, 2003 to December 31, 2004, (c) the Company's announcement on July 27, 2005 that it would restate its interim and audited consolidated financial statements for the year ended December 31, 2002, (d) the Restatement (including without limitation the audit committee investigation, the results of which are reflected therein, and any weaknesses in internal controls or remediation of such weaknesses), (e) the alleged conversation between Mr. Galan and outside counsel referenced in the Restatement, and/or (f) the Company's valuation methodology, accounting treatment and/or financial reporting of (i) the Recharacterized Mortgage Loan Transfers and (ii) the retained interests initially recognized in connection with the Recharacterized Mortgage Loan Transfer (except that "Settled Claims" does not mean or include any claims asserted in the Consolidated Derivative Action) against PwC, R&G and any and all of the Individual Defendants, their respective present or former officers, directors, agents, employees, attorneys, stockholders, advisors, investment bankers, commercial bankers, insurers, representatives, trustees, parents and officers and directors thereof, affiliates and officers and directors thereof, subsidiaries and officers and directors thereof, general and limited partners, spouses, heirs, executors, administrators, successors and assigns. The Settled Claims are hereby ordered as compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

  12. The Released Parties and the heirs, executors, administrators, predecessors, successors and assigns of any of them, are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Consolidated Action or any forum by the Released Parties or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Consolidated Action (except for claims to enforce the Settlements). The Released Parties' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice as against Lead Plaintiffs, the Class Members and their counsel by virtue of the

proceedings herein and this Judgment.

13.     Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, which in any way are based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Judgment.

14.     Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Consolidated Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties; the Released Parties expressly deny that Plaintiffs have asserted a valid claim as to them and deny and all allegations of fault, liability, wrongdoing or damages whatsoever;

(b)     offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiffs or any Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members;

(c)     offered or received against any of the Released Parties, or against the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason

as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that PwC, R&G, the Individual Defendants or any other Released Party may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against any of the Released Parties, Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

(e) construed against Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement amount; or

(f) construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in this Consolidated Action, except for purposes of the Settlements.

15. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over implementation and enforcement of these Settlements, the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorney fees, costs, interest and expenses, including fees and costs of experts and/or consultants, and the award of reasonable costs and expenses (including lost wages) directly related to the representation of the Class to Lead Plaintiffs serving on the behalf of the Class; (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

16. Neither R&G nor any of the Individual Defendants nor PwC shall have any obligation to make or cause to be made any payment into the Escrow Account except as specifically provided in paragraph [7] of the Stipulation.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil

Procedure.

18. A separate order shall be entered to approve Lead Counsel's application for attorney fees and reimbursement of litigation expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Judgment.

19. In the event that the Settlements or either of them do not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to R&G or PwC and such amount is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. The Settlement Fund plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable shall be returned in full as provided in paragraph [32] of the Stipulation.

20. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:      New York, New York
            _October 2_, 2008

                                            _____
                                        FOR HONORABLE JOHN E. SPRIZZO
                                            UNITED STATES DISTRICT JUDGE

## Exhibit 1

### R&G Financial Corporation Securities Litigation
### List of Claimants Requesting Exclusion

| | Name/Address | Postmark Date |
|---|---|---|
| Exclusion 1 | Joan M. Pfister<br>6832 Cromwell Street<br>Portage, MI 49024<br>(269) 327-9436 | 7/28/2008 |
| Exclusion 2 | Robert H. Cipperly<br>Beverly V. Cipperly<br>20 Tisha Lane<br>Hendersonville, NC 28739 | 8/25/2008 |
| Exclusion 3 | Regan Family Trust - Survivors Trust<br>Ruth H. Regan, Trustee<br>672 South N Street<br>Livermore, CA 94550 | 8/25/2008 |
| Exclusion 4 | Francisco M. Bautista<br>P.O. Box 79<br>Humacao, PR 00792-0079<br>(787) 852-1922 / (787) 370-1131 | 8/25/2008 |
| Exclusion 5 | Veronica Hanf<br>20714 Tuolumne Road N.<br>Tuolumne, CA 95379<br>(209) 928-1137 | 8/27/2008 |