**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————X
IN RE R&G FINANCIAL CORPORATION :
SECURITIES LITIGATION                          :          **ECF CASE**
————————————————————————X
This Document relates to:                        :          MASTER FILE NO.
All Actions.                                             :          05 Civ. 4186 (JES)
————————————————————————X

**LEAD PLAINTIFFS' NOTICE OF MOTION**
**FOR APPROVAL OF DISTRIBUTION PLAN**

    **PLEASE TAKE NOTICE** that, upon the accompanying Declaration of Edward J. Sincavage in Support of Motion for Approval of Distribution Plan (the "Sincavage Declaration") submitted by the Court-approved Claims Administrator, Heffler, Radetich & Saitta L.L.P. ("HR&S") and Lead Plaintiffs' Memorandum of Law in Support of Motion for Approval of Distribution Plan, and pursuant to Federal Rule of Civil Procedure 23(e), Lead Plaintiffs, City of Philadelphia Board of Pensions and Retirement and General Retirement System of the City of Detroit, will move this Court, to enter the accompanying order approving Lead Plaintiffs' distribution plan for the Net Settlement Fund in the above-referenced action.  If approved, the order will, *inter alia*:

    1.      Adopt HR&S's administrative recommendations to accept the Accepted Timely Claims set forth in Exhibit D, Section IA to the Sincavage Declaration and the Accepted Late But Otherwise Valid Claims set forth in Exhibit D, Section IB to the Sincavage Declaration;

    2.      Reject wholly ineligible or otherwise deficient claims, as set forth in Exhibit D, Section II to the Sincavage Declaration, including the disputed claim discussed in ¶ 8 of the Sincavage Declaration;

    3.      Direct HR&S to distribute 100% of the available balance of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, and after payment of any

estimated taxes and the costs of preparing appropriate final tax returns and any escrow fees, to the Authorized Claimants who would receive a *pro rata* distribution, as set forth in the Court-approved Plan of Allocation, of at least $10.00 (the "Distribution");

4.     In order to encourage Authorized Claimants to cash their Distribution checks promptly and to avoid or reduce future expenses relating to unpaid Distribution checks, direct that all of the Distribution checks bear the following notation: "CASH PROMPTLY.  VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

5.     Direct that Authorized Claimants who do not cash their Distribution checks within the time allotted will irrevocably forfeit all recovery from the settlements, and that the funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants;

6.     Consistent with the Court-approved Plan of Allocation, direct that (i) if any funds remain in the Net Settlement Fund after the Distribution because of uncashed distributions or otherwise, then, after HR&S has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the Distribution shall be redistributed to Authorized Claimants who have cashed their Distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution; and (ii) if any funds shall remain in the Net Settlement Fund six (6) months after such redistribution, then such balance will be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Counsel;

7.     Release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or

otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement

Fund, from any and all claims arising out of such involvement, and bar all Class Members, whether

or not they receive payment from the Net Settlement Fund, from making any further claims against

the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent

or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration

or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to

Authorized Claimants;

8.      Direct that no further Proofs of Claims may be accepted for any reason after June 1,

2010;

9.      Approve all of the fees and expenses incurred and to be incurred by HR&S in

connection with its administration of the settlements, and direct payment of $172,920.02 out of the

Settlement Fund to HR&S for the unpaid balance of such fees and expenses;

10.     Authorize the destruction of the paper copies of the Proofs of Claim and all

supporting documentation one year after the final distribution of the Net Settlement Fund, and the

destruction of electronic copies of the same three years after the final distribution; and

11.     Retain jurisdiction to consider any further applications concerning the administration

of the settlements, and such other and further relief as this Court deems appropriate.

Dated:  June 7, 2010

Respectfully submitted,

By: /s/ Steven B. Singer
     Max W. Berger (MB-5010)
     Steven B. Singer (SS-5212)
     BERNSTEIN LITOWITZ BERGER &
        GROSSMANN LLP
     1285 Avenue of the Americas
     New York, NY 10019
     Tel.: (212) 554-1400
     Fax: (212) 554-1444

By: /s/  M. Richard Komins
     Leonard Barrack
     M. Richard Komins (admitted pro hac vice)
     Jeffrey A. Barrack
     Lisa M. Lamb
     BARRACK RODOS & BACINE
     3300 Two Commerce Square
     2001 Market Street
     Philadelphia, PA 19103
     Tel.: (215) 963-0600
     Fax: (215) 963-0838

*Lead Counsel for Lead Plaintiffs and the Class*

#455828.1

4